Good morning. My name is Matthew Brissenden and I represent the appellant, Troy Harris, in this matter. As the panel is aware, in our papers we advanced two arguments. For the purposes of the oral argument here this morning, I'd like to focus on the second argument with the court's permission. That argument is whether or not the district court erred when it ruled that the government could prove up specification four, that is the assault specification, purely by use of hearsay evidence and without calling the complaining witness to be confronted. Before the district court could make that ruling, it was obligated to perform a balancing test. It was obligated to balance Mr. Harris's due process interest in confronting the adverse witness against the government's proffered reasons for not producing that witness, considering also the reliability of the proffered hearsay evidence. But in this case, the district court abused its discretion and it short-circuited that balancing test when it refused to acknowledge Mr. Harris's due process interest in confronting the witness against him, holding in essence that he had forfeited that right and that his right was entitled to very little weight based upon the government's assertion that the witness had expressed a generalized apprehension and fear of appearing. The case law is crystal clear in this regard. A defendant only forfeits his interest in confronting an adverse witness when he has and with the intent to prevent that witness from appearing. And in this case, there was zero evidence that Mr. Harris or anyone on his behalf had in any way tried to interfere with this witness's testimony. Citing us to cases where we've allowed testimony from non-appearing witnesses or statements at trial, because yes, we've established a high bar here, but now we're talking about Rule 32.1. Sure. Certainly, the Supreme Court case that we're talking about, Dwayne v. Giles, the case that I cite to involve the right to confrontation under the Sixth Amendment, and admittedly, the Sixth Amendment does not apply in this context. Can I ask that because, you know, on bail hearings, the rules of evidence don't apply here. They don't apply except this Rule 32.1. So the standard we've set for trial confrontation seems to me not to be exactly on point. It may be something we consult, but not exactly on point. What I would say, Your Honor, though, if we bring it back to United States Williams, which of course that situation did involve a violation of supervised release. It was not a trial situation where this court articulated— Did the district court say that this hearsay was reliable and that in the circumstances it was in the interest of justice, so that even if it didn't do the precise balancing that you've suggested, it put into the record things which essentially go to that balance? I guess what I'd say is the court walked through a balancing test, but it was a strictly one-sided balancing test because at the outset it said, I'm not considering Mr. Harris's interest in this balancing test. So I would suggest the result's probably a foregone conclusion when you consider only the government's interest. As a matter of fact, that's what this court said in Williams, which was the case that the district court was following. This court said, you still perform the balancing test in this context, but in that balancing test the defendant's interests are eviscerated, was the word the court used, which is exactly what happened here. So you essentially have a one-sided balancing test, and what troubles me is that really when you look at the countervailing interests, the factors that supported the introduction of this hearsay testimony, this was not a compelling case for several reasons. First of all, with respect to the reasons that the defendant didn't appear. Again, I've indicated there was no specific threat to this defendant. She was unable to articulate any specific reason why she was fearful. This defendant, other than this one small assault incident, did not have a history of violent conduct, and there was no assertion that any of his co-defendants or that anyone else he was associated with. He said she was so concerned she was willing to be arrested for not appearing. That's not just diffidence, is it? What I'd say is the record establishes what I would call mixed motives for her not appearing. There's also an indication that she indicated to the government that she was reluctant to testify. Are those exactly the sorts of considerations district judges weigh every day? It certainly was a factor to consider, but is that a compelling factor? This is not a case where you had a defendant, for instance, that had recanted on her testimony. She came in and she met with the government. It wasn't that they couldn't locate her. She was available to be located, and the reasons that she gave for testifying were rather mixed reasons. I get that those arguments are available to the district judge. I'm just wondering why they are of any concern to us after the district judge has weighed all the circumstances. Well, except that she didn't weigh all the circumstances respectfully to the district court. You don't like how she accorded the weight. You're not suggesting she overlooked these facts. She considered the facts which the government put forward. We're on abuse of discretion review, so we would have to conclude that she could not weigh the facts in favor of allowing the statement to be considered. The problem with her analysis is that, as I said, it was a purely one-sided analysis. It considered only the facts that the government put forward and utterly disregarded the defendant's very real interest in cross-examining this witness. The other factor that she had to consider was the reliability of this witness, and there were real questions here. I'm a little puzzled. When a court says, these are all the reasons I want to come out this way, and says that, it must be considering that there are reasons the other way, otherwise it doesn't have to give you any reasons. I mean, it's sort of funny for it to say, here's why it makes sense not to require confrontation in cross-examination. Why would a court say that, and it was considering the other side? Again, Your Honor— Not expressly, but implicitly, that this is something that has to all be overcome. Again, Your Honor, I think the district court was trying to follow this court's guidance in Williams. And, of course, the government had cited that case and urged the court to follow that authority. And what Williams says is that the court goes ahead and performs the balancing, but in performing that balancing, you're essentially ignoring the defendant's interest. So, as I said, it was a one-sided balancing test, and the court clearly erred in holding that Mr. Harris's interests were not entitled to any weight. Can I go to the first issue just briefly? Absolutely. Your brief acknowledges that in Johnson, there is a statement that defeats your claim, and you call it a dictum. What I'm asking is, not whether dictum from the Supreme Court must always be filed, but does it get a measure of added weight when it is specifically disputed within the court and there's a 6-3 vote in favor of the dictum? Right. Obviously, the dictum is entitled to some weight and consideration by lower courts when trying to sort out this issue. I would acknowledge that, Your Honor. Thank you. Thank you. You're from the government, and I think you're a good time. Thank you. May it please the court, my name is Jennifer Gashiri, and I'm an assistant United States attorney in the Southern District of New York. I represent the government in this appeal, and I also represented the government in the revocation hearing below. Your Honor's hearsay was properly admitted in this case for several reasons. First, the rules of evidence do not apply in the relaxed setting of a revocation hearing under Rule 1101D3. Second, the Sixth Amendment Confrontation Clause does not apply in this context. And third, the district court correctly conducted the applicable balancing test that is set forth in Williams. So the district court weighed the government's interest in not calling the dictum and its showing of good cause for doing so, and the reliability of the proffered evidence, against the defendant's interest in cross-examining her. And here, the district court properly found that the victim's statements were reliable for several reasons. First, the victim made her initial report of abuse on the evening of the same day that the assault occurred. She then relayed consistent accounts to two additional law enforcement officers weeks and months later. And these three consistent accounts were corroborated by a visible... The opposing counsel says that the district court did not consider his client's interest in confrontation. He says that she just ignored that, said it wasn't there. You said the opposite just now. Now, is it implicit that she did, or did she expressly do it? I'm just kind of curious. It was actually expressed, Your Honor. So on page 90 of the appendix, the district court specifically stated that the defendant's interest was entitled to, quote, very little weight because he had caused this situation. So the district court clearly considered the defendant's interest, but determined that it was outweighed by the reliability of her statements, and also the fact that the government had made diligent efforts to call her, but she had a well-founded fear of retaliation because she had been punched in the face in public and continued to reside in the same I just wanted to clarify also, this was not just one small assault. This is a woman who was punched in the face in public, as I mentioned. And so the district court properly balanced the government's interest against the defendant's interest and determined that the government's interest outweighed it, consistent with Williams and also the procedural requirements that are set forth in Federal Rule of Criminal Procedure 32.1b2c. I'd also like to address Your Honor's point about the statement in Johnson. In Johnson, I'm sorry, Judge Newman's point, about the statement in Johnson concerning Section 3583e2, the court, six justices of the court, stated that a district court may revoke Section 3583e2 before revoking it under subsection e3, and decided to retain that language over the specific objections of Justices Thomas and Kennedy. So, at best, Johnson forecloses Harris's argument that Section 3583e is but a menu of mutually exclusive alternatives, and at worst, this is an open question, and the district court cannot have committed plain error by complying with Supreme Court dicta. I understand your argument, and I'm just asking, is that going to be the government's position with respect to dictum, no matter which side the dictum favors? In other words, are we going to hear you in a few months resisting a reversal argument when there's dictum on their side? Are you going to be willing to say, as we told you in this case, yes, dictum needs to be followed? The government's position today is that under Newdow v. Peterson, a Supreme Court dicta is entitled to, quote, great deference, and I expect that the government will continue to adopt that position. Thank you. Just to touch on several points, the government's correct that the district court found that my client caused the complaining witness not to be present, and based on that, accorded his interest, quote, unquote, very little weight. That was the legal error in this case in the abuse of discretion. You're saying that fact could not be found as a matter of law? Absolutely. But you're in the face. Under United States v. Giles, as well as this court's decision in Williams, you can't rely on the charge defense conduct. It has to be demonstrated that the defendant did something above and beyond that to seek to interfere with the testimony. Duane v. Giles, I'm sorry. The charge conduct is the assault on her? That's correct, Your Honor. And why can't that be the case when the charge conduct is one that the witness is now afraid to appear on? This was the precise issue that the Supreme Court addressed in Duane v. Giles, and part of the problem with relying on the charge conducts, it requires the court to, in advance of the hearing, basically find that the defendant is guilty of the charge conduct. You're basically making a determination that he did, in fact, assault her before you even reach the question of whether or not he or she should be admitted. So that's one of the problems underlying that rationale. But I think that looks at it too closely. I mean, if someone, if there weren't a little assault to characterize, but one in which she made the statements after being beaten to a bloody pulp and then died, and this was the charge, are you suggesting that her statements would not be admissible under 32.1, which requires a balancing? Well, I think that factor would go to the question of whether or not the government had a good and a compelling reason for not producing. I'm just suggesting to you that this is a balancing test. I understand. You're now arguing that as a matter of law, you couldn't consider the statement. With respect to the issue of whether the defendant had forfeited his interest. I would concede that under those circumstances, you'd have a more compelling explanation for why the government wasn't producing this witness. I want to touch just basically, quickly, on the issue of the witness's reliability, because what the government has argued again and again is that this witness repeated the same story three times over again, and that makes it reliable. The testimony was that she had started consuming alcohol at 12 o'clock that day, had continued consuming alcohol until 2 o'clock in the morning when the incident occurred, and by her own statement to the investigators, she was twisted or severely intoxicated at the time the alleged assault took place. The fact that 19 hours later she goes to the police and then can thereafter repeat the same story three times in a row doesn't mean that's an accurate recitation of what happened at the time. These are facts you're able to put before the district judge, and it seems to me the district judge, like any fact finder, concluded that consistency operated in favor of reliability despite all the facts you've just explained, and I'm not sure why the court wasn't entitled to make that ruling. Because, as I said, Your Honor, she completely ignored the defendant's countervailing interest in that analysis. Of course, if you're looking at one side of a scale and you consider what's only on that one side of the scale, the court is going to come down on the government's side because, she said, you've forfeited your interest here. You don't have a valid interest in cross-examining this witness, which was untrue. He had a compelling reason to want to cross-examine this witness because, among other reasons, the questions about her reliability. This is testimony that should have been subjected to the principle of cross-examination, and he had a right to do so, and the court refused to acknowledge that right, Your Honor. And that's where the error took place. Thank you.